**FILED**
**Jun 21, 2021**
**10:36 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Paul Hensley,** | ) | **Docket No. 2021-06-0183** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon.com Services, LLC,** | ) | **State File No. 102262-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich, Inc.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

Paul Hensley seeks an order that Amazon.com Services, LLC authorize shoulder surgery performed by Dr. Kyle Joyner. Amazon opposed the request, relying on a noncertification from a utilization review physician upheld by the Bureau's Medical Director, as well as updated records from Dr. Joyner. The Court held a hearing on June 17, 2021. Because the medical proof does not convey Dr. Joyner's current opinion on the need for surgery, the Court denies Mr. Hensley's request at this time.

## History of Claim

Mr. Hensley alleged that on November 3, 2020, he injured his left shoulder while working for Amazon.[1] He received authorized treatment at an occupational clinic. The provider referred Mr. Hensley to orthopedist Dr. Kyle Joyner, ordered an MRI and physical therapy, and placed him on restrictions.

Mr. Hensley first saw a nurse practitioner at Dr. Joyner's office in late November. She retained the work restrictions, and Mr. Hensley underwent an injection. He returned to Dr. Joyner's office in December, reporting that the injection did not bring significant improvement and physical therapy had not been very effective. Dr. Joyner diagnosed a

---

[1] Mr. Hensley testified that he injured his neck as well, and that treatment for it has been denied. However, that issue was not raised at this hearing.

1

tear of the left glenoid labrum and tendinitis of the rotator cuff and agreed with the restrictions. At the next visit in early February, Mr. Hensley's shoulder was still painful. Dr. Joyner diagnosed a presumptive labral tear and recommended a left-shoulder arthroscopy.

Amazon submitted the recommendation to utilization review. An orthopedic surgeon reviewed the MRI and Dr. Joyner's office notes. In his report, the reviewer wrote that the left-shoulder arthroscopy/arthrotomy was not medically necessary because "the claimant's conservative treatment to date has been minimal." He attached the ODG Guidelines 2021, "Surgery for SLAP Lesions, Shoulder Conditions," which states that surgery is recommended "for persistent symptoms following 6 months of conservative treatment." The Bureau's Medical Director agreed with the noncertification.

Dr. Joyner wrote a letter on March 5, 2021, stating in relevant part that the surgery recommendation "was made given failure of conservative care."

However, at an April 28 visit—the last time that Mr. Hensley saw the doctor—Dr. Joyner noted that Mr. Hensley reported improvement in his symptoms. He wrote that Mr. Hensley had changed jobs to one that requires "significantly reduced physical demand." Dr. Joyner noted, "[O]ccasional catching, but overall pain is decreased and he is able to use the arm fairly normally with his daily activity." On exam, he observed improved range of motion, although he saw some discomfort with "compression rotation, but no frank instability." Mr. Hensley felt "catching" with repeated circumduction of his shoulder. Dr. Joyner recorded good strength in the deltoid and improved strength in the rotator cuff. The doctor removed the work restrictions and set an appointment two months out. The note did not mention surgery.

For his part, Mr. Hensley testified that he participated in physical therapy on the recommendations of the authorized providers but recently switched to an at-home regimen. Mr. Hensley has difficulty sleeping due to shoulder pain. He also cannot lift his grandchild or participate in hobbies that require physical activity.

As for the most recent visit with Dr. Joyner, Mr. Hensley testified that the doctor "recommended that we put off the surgery and see if there's any more improvement." Mr. Hensley believes that surgery is still "on the table" and will be discussed again at the next appointment. On cross-exam, he said that he was released to full-duty "for the current job;" Mr. Hensley has changed employers and is no longer required to perform any physical duties. He would undergo surgery if it were possible.

## Findings of Fact and Conclusions of Law

Under the Workers' Compensation Law, the employer shall provide medical and surgical treatment "made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-

2

204(a)(1)(A) (2020). Mr. Hensley bears the burden of proving that the proposed surgery is reasonable and necessary. Further, since this an expedited hearing, he must present sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-204(a)(3)(H) provides that any treatment recommended by a referral physician "shall be presumed to be medically necessary for treatment of the injured employee." Here, Dr. Joyner's recommendations are presumed medically necessary.

Dr. Joyner's written recommendation in February was for surgery. However, at the most recent visit in April, Dr. Joyner noted that Mr. Hensley reported significant improvement, and he removed the work restrictions. Importantly, the note is silent regarding surgery.

The Tennessee Supreme Court has held that "[t]he employee's own assessment of [his] physical condition and resulting disability is competent testimony that should be considered[.]" *McIlvain v. Russell Stover Candies, Inc.,* 996 S.W.2d 179, 183 (Tenn. 1999). Mr. Hensley credibly testified that his shoulder remains painful and has affected his activities of daily living. He believes that surgery is still "on the table." But the April note simply does not support that contention. "Parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments. *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16 (Feb. 14, 2018).

The Court finds no current recommendation for surgery from Dr. Joyner. Therefore, on this record, Mr. Hensley is not likely to succeed at a hearing on the merits regarding the reasonable necessity of surgery. His request is denied at this time.

This case is set for a status hearing on **July 19, 2021, at 9:45 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED June 22, 2021.**


_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

Exhibits:
1. Affidavit of Paul Hensley
2. Employee's Exhibits for Expedited Hearing
    A. First Report of Injury
    B. Dr. Joyner causation letter
    C. Concentra records
    D. MRI
    E. Dr. Joyner records
    F. Physical therapy records
3. Utilization review
4. Dr. Joyner records, April 28, 2021

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and Employer's Position Statement
3. Request for Expedited Hearing
4. Pretrial Hearing Order

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on June 22, 2021.

| Name | Certified Mail | Regular Mail | Email | Sent to: |
|---|---|---|---|---|
| Stephan Karr, employee's attorney | | | X | steve@flexerlaw.com nancy@flexerlaw.com |
| Troy Hart, Matthew Morris, employer's attorneys | | | X | wth@mijs.com mbmorris@mijs.com |

_____
**Penny Shrum, Clerk of Court**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*